UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SACHS, #487780,

Petitioner,

CASE NO. 2:13-CV-12540

v.                                         HONORABLE PAUL D. BORMAN

KENNETH MCKEE,

Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DENYING PETITIONER'S MOTIONS FOR
DISCOVERY AND APPOINTMENT OF COUNSEL,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.      **Introduction**

        Michigan prisoner Ronald Sachs ("Petitioner") has filed a pro se petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation

of his constitutional rights.  Petitioner was convicted of two counts of first-degree

criminal sexual conduct and one count of first-degree home invasion in the Monroe

County Circuit Court.  He was sentenced to concurrent terms of 25 to 50 years

imprisonment on the criminal sexual conduct convictions and a consecutive term of 13 to

20 years imprisonment on the home invasion conviction in 2006.  In his petition, he raises

claims concerning the admission of a lab report and his confrontation rights, the

admission of an evidence kit and the chain of custody, the failure to disclose evidence, the use of perjured testimony, a violation of police lab protocol, and the effectiveness of trial and appellate counsel.

This matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d), as well as Petitioner's motions for discovery and appointment of counsel. For the reasons set forth, the Court grants Respondent's motion for summary judgment, denies Petitioner's motions for discovery and appointment of counsel, dismisses the petition for a writ of habeas corpus as untimely, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from the home invasion and sexual assault of a six-year-old girl at her mobile home in Macomb County, Michigan in May, 2002. Petitioner, whose mother lived in the same mobile home park at the time of the incident, was linked to the crime with DNA evidence.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the conduct of the prosecutor and the validity of his sentence. The court denied relief on those claims and affirmed his convictions and sentences. *People v. Sachs*, No. 275560 (Mich. Ct. App. March 13, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Sachs*, 482

Mich. 896 (July 29, 2008).

On January 24, 2011, Petitioner filed a motion for relief from judgment in the state trial court raising claims concerning the admission of a lab report and his confrontation rights, the admission of an evidence kit and the chain of custody, the failure to disclose evidence, the use of perjured testimony, a violation of police lab protocol, and the effectiveness of trial and appellate counsel. The trial court denied the motion, finding that the claims lacked merit and that Petitioner failed to establish cause or actual prejudice under Michigan Court Rule 6.508(D)(3). *People v. Sachs*, No. 05-34614-FC (Monroe Co. Cir. Ct. April 20, 2011). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Sachs*, No. 308837 (Mich. Ct. App. Aug. 24, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Sachs*, 493 Mich. 920 (Dec. 26, 2012).

Petitioner dated his federal habeas petition on June 6, 2013. He essentially raises the same claims presented to the state courts on collateral review. Respondent now moves for summary judgment asserting that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. In reply, Petitioner asserts that he is entitled to equitable tolling. Petitioner also moves for discovery and appointment of counsel.

## III.    Summary Judgment Standard

3

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000).  The moving party bears "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor.  *Sanders*, 221 F.3d at 851.  The summary judgment rule applies to habeas proceedings.  *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., governs the filing date for this action because Petitioner filed his habeas petition after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on July 29, 2008. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about October 27, 2008. Accordingly, Petitioner was required to file his federal habeas petition by October 27, 2009, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance

5

with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until January 24, 2011.  Thus, the one-year period expired well before he sought state post-conviction or collateral review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  The AEDPA's limitations period is only tolled while a petitioner has a properly filed motion for post-conviction or collateral review under consideration.  28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999).  The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law.  Rather, he alleges that he should be entitled to equitable tolling because his claims are based upon, or derived from, the DNA lab report, which he says he did not receive a copy of until August, 2008 (after his direct appeal), which was difficult to understand, and which he believes is still incomplete.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v.*

6

*Florida*, 560 U.S. 631, 645 (2010).  The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing.  He asserts that he is entitled to equitable tolling based upon the delay in obtaining and understanding the lab report and the incompleteness of the report.  The record, however, indicates that trial counsel had the lab report at the time of trial.  Given that the DNA evidence linked Petitioner to the crime, he knew of its significance to his case at the time of his trial and direct appeal.  Moreover, Petitioner admits that he received a personal copy of the lab report in August, 2008, which was before the one-year limitations period had even begun to run.  Petitioner could have filed a state post-conviction motion or federal habeas petition based upon that report within the one-year period and then sought further discovery or legal assistance to develop his claims.  Petitioner was able to file his motion for relief from judgment in

7

2011 despite such obstacles – and was able to do so despite his belief the lab report is (or was) incomplete. Petitioner has failed to sufficiently explain why he was unable to take action within the one-year time period or otherwise proceed more diligently on his claims. Tolling is unwarranted under such circumstances. *See, e.g., Williams v. Vasbinder*, No. 05-CV-74371, 2006 WL 2123908, at *4 (E.D. Mich. 2006). Petitioner has also not shown that he acted diligently to protect his rights given that he waited nearly six months after the Michigan Supreme Court denied leave to appeal on state collateral review to file his federal habeas petition.

Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period. *Holloway*, 166 F. Supp. 2d at 1191. Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for

8

the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  In keeping with Supreme Court authority, the Sixth Circuit has also recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing.  The scientific evidence does not establish his innocence and his own self-serving, conclusory assertions of innocence are insufficient to support an actual innocence claim.  "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).  Petitioner fails to demonstrate that he is entitled

9

to equitable tolling of the one-year period.  His petition is therefore untimely and must be dismissed.

## V.   Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely.  Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court **DENIES** Petitioner's motions for discovery and appointment of counsel.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

10

Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES**

Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in

good faith.  *See* Fed. R. App. P. 24(a).

> **IT IS SO ORDERED**.


> s/Paul D. Borman
> PAUL D. BORMAN
> UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on April 30, 2014.


> s/Deborah Tofil
> Case Manager

11